UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FELICIA BINION WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JACK DAVIS, ) <br> ) <br> Defendant. ) <br> ) | Case No. 22-cv-02178 (APM) |

### MEMORANDUM OPINION

Plaintiff Felicia Burrith Binion Williams brings this action against Army Brigadier General Jack Davis, in his official capacity as the head of the Walter Reed National Military Medical Center. *See* Compl., ECF No. 1. For the reasons stated below, the court dismisses the Complaint and this action sua sponte.

It is well-settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (cleaned up). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) when it is "'patently insubstantial,' presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Claims are patently insubstantial if they are "essentially fictitious," for example, advancing "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Id.* (internal quotation marks omitted). In such cases, a district court may dismiss the case sua sponte. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008) (quoting *Brown v. Dist. Unemployment Comp. Bd.*, 411 F. Supp. 1001, 1001–

02 (D.D.C. 1975) (noting that "a district court has the power to dismiss a case *sua sponte* if it is frivolous")).

Here, Plaintiff's Complaint rests on the kind of fantastic and delusional claims that warrant dismissal sua sponte. Specifically, referring to herself as the "Prosecutor," Plaintiff alleges, among other things, after driving herself to Walter Reed on July 15, 2022, she was "kidnapped" and taken to a hospital in Calvert County, Maryland, Compl. at 1; Walter Reed staff falsified medical records, *id.* at 4; and many of the staff lacked requisite undergraduate degrees, *id.* Further, she labels her claims as "Unsafe and unstable," "Suicide Watch," and "Dr. Monahan." *Id.* at 5–6. As relief, she seeks, among other things, $52 million, assurance that all officers of various military units have the requisite degrees, and publication of the names of military personnel who have "fake" degrees or rank. *Id.* at 10–11. These are precisely the kind of "fanciful" allegations that do not state a substantial federal question. *See Neitzke*, 490 U.S. at 325; *see also Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Accordingly, upon sua sponte review, this action is dismissed.

A separate final, appealable order accompanies this Memorandum Opinion.

Dated:  August 22, 2022

Amit P. Mehta
United States District Judge